WILLIAM D. BEIL (admitted *pro hac vice*)   DAVID W. O'BRIEN  (admitted *pro hac vice*)
JASON M. HANS (admitted *pro hac vice*)    JUSTIN P. MURPHY  (admitted *pro hac vice*)
ROUSE HENDRICKS GERMAN MAY PC   BARBARA H. RYLAND (admitted *pro hac vice*)
1201 Walnut, 20th Floor                      CROWELL & MORING LLP
Kansas City, Missouri 64106                  1001 Pennsylvania Avenue, N.W.
Telephone:    (816) 471-7700                 Washington, DC  20004
Facsimile:    (816) 471-2221                 Telephone: (202) 624-2500
E-mail: billb@rhgm.com                       Facsimile:  (202) 628-5116
E-mail: jasonh@rhgm.com                      Email:  dobrien@crowell.com
                                                      justin.murphy@crowell.com
JEFFREY E. FAUCETTE (No. 193066)                      bryland@crowell.com
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500            NIMROD HAIM AVIAD (No. 259705)
San Francisco, California 94111              CROWELL & MORING LLP
Telephone:    (415) 315-1669                 515 South Flower Street, 40th Floor
Facsimile:    (415) 433-5994                 Los Angeles, CA  90071
E-mail: jeff@skaggsfaucette.com              Telephone:  (213) 622-4750
                                             Facsimile:  (213) 622-2690
Attorneys for Relator CHRIS McGOWAN          Email:  naviad@crowell.com


Attorneys for Defendant KAISER FOUNDATION HEALTH PLAN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRIS McGOWAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation,<br><br>    Defendants. | Case No.: CV-09-5984 (JSW)<br><br>**STIPULATED MOTION AND [PROPOSED] ORDER TO AMEND ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS** |

Plaintiff/Relator Chris McGowan ("Plaintiff") and defendant Kaiser Foundation Health Plan, Inc.'s ("Kaiser") (collectively "the Parties"), jointly move pursuant to Fed. R. Civ. P. 6(b)(1), and Civil L. R. 6-3, 7-1, and 7-12 to amend certain deadlines related to discovery in the Order Scheduling Trial and Pretrial Matters ("Scheduling Order") (Doc. No. 67), but ask that they be permitted to defer a more particular request regarding length of time and the pertinent deadlines until after the discovery dispute that exists between them is resolved which they expect to occur next Wednesday, December 11, 2013. The parties are in dispute over Rule 30(b)(6) deposition topics and over Plaintiff's Fifth Request for the Production of Documents. The first dispute has been referred to Magistrate Judge Cousins and the parties expect that the second dispute which is the subject of a second discovery dispute letter being filed today will likely be referred to Magistrate Judge Cousins as well. Magistrate Judge Cousins has scheduled a hearing on the deposition notice dispute for next Wednesday at 1:00 pm, and the parties expect that the second dispute will be considered at that time as well.

If the court resolves the disputes as requested by Kaiser, the parties believe that only a modest two week extension and of only some of the deadlines will be necessary. If the court resolves the second dispute related to document production as requested by the Plaintiff, Kaiser will need to seek a more substantial modification of the schedule, and it is doubtful that Plaintiff will consent to that request. The parties wanted to make this request prior to the expiration of the non-expert discovery cut-off but did not want to present a dispute about scheduling that may be mooted by the hearing next week. In support of this stipulated motion, the Parties state as follows:

(1) The current deadline for the close of non-expert discovery is today—December 6, 2013.

(2) Plaintiff served his Fifth Request for the Production of Documents on November 2, 2013 and Kaiser served its objections and responses to that request on November 30, 2013. Kaiser objected to each of the eight requests for production in the Fifth Request. The parties have met and conferred in good faith regarding the requests but

have determined that their dispute will be submitted to the Court for resolution. The parties are filing a second joint letter brief with the Court concerning this dispute today.

(3) Plaintiff has noticed a Rule 30(b)(6) deposition of Kaiser for December 5, 2013. Kaiser objected to certain topics set forth in the deposition notice. The parties met and conferred in good faith but were unable to resolve their dispute and the parties filed a joint letter brief with the Court. The dispute has been referred to Magistrate Judge Nathanael Cousins for resolution and is set for a hearing on Wednesday, December 11, 2013. The parties have agreed to postpone the deposition pending Magistrate Judge Cousins' ruling on the discovery dispute. The deposition dispute is related to the document requests dispute, and the parties anticipate the document request dispute will also be referred to Magistrate Judge Cousins.

(4) The parties have been diligently working to complete fact discovery by the current December 6, 2013 deadline. Plaintiff served requests for production of documents on January 24, 2013, June 6, 2013, October 2, 2013, October 16, 2013, and November 2, 2013, and interrogatories on June 6, 2013 and October 2, 2013. Kaiser served interrogatories and a request for production on Plaintiff on September 5, 2013. Based on the existing disclosures, documents produced, and discovery responses, Plaintiff has taken depositions of eight Kaiser witnesses and Kaiser has deposed Relator.[1]

---

[1] Kaiser's production of documents in this case was a "rolling production." Plaintiff did not schedule depositions in this case until September 2013 because it was not until August 12, 2013 that Kaiser represented it had produced all documents in accordance with its Responses and Objections to Plaintiff's January 24, 2013 and June 6, 2013 document requests. Kaiser produced additional documents responsive to Plaintiff's January 24, 2013 and June 6, 2013 document requests on September 13, 2013, six days before the first deposition of a Kaiser witness was taken on September 19, 2013. In addition, Kaiser produced additional documents on November 14, 2013 and November 22, 2013 which were described as "in accordance with [Kaiser's] Responses and Objections to Relator's four sets of document requests and Kaiser's supplemental initial disclosures." Because these recently-produced documents were relevant to witnesses who had been previously deposed, Kaiser has agreed to produce for follow-up depositions two Kaiser witnesses whom Plaintiff previously deposed. The first of the follow up depositions was taken today (December 6, 2013) and the second will be taken on a date to be determined.

1     (5) If the Court orders Kaiser to produce documents responsive to Plaintiff's Fifth
2         Request for Production, Kaiser anticipates it will need some additional time to gather
3         the responsive documents, review them, and produce them to Plaintiff. Similarly,
4         Plaintiff anticipates it will need some time to review the documents prior to the Rule
5         30(b)(6) deposition.

6     The original Scheduling Order contemplated a period of approximately four weeks
7 between the close of fact discovery and Plaintiff's expert designation. Doc. #63 (setting close of
8 fact discovery for 11/15/2013 and Plaintiff's expert designation for 12/13/2013). On October 16,
9 2013, the Court entered an Order extending the close of fact discovery to December 6, 2013
10 which is the current deadline. Doc. #82. Thus, currently, two weeks separate the close of fact
11 discovery and Plaintiff's expert designation.

12     "The district court is given broad discretion in supervising the pretrial phase of litigation."
13 *Lehman Brothers Holdings, Inc. v. CMG Mortgage, Inc.,* No. CV 10-0402 (NJV), 2011 WL
14 203675, *1 (N.D. Cal. Jan. 21, 2011) (quoting *Zivkovic v. Southern California Edison Co.*, 302
15 F.3d 1080, 1087 (9th Cir. 2002)). "Rule 16(b)(4) provides that a court may modify or extend a
16 discovery deadline upon a showing of good cause." *Tyco Thermal Controls LLC v. Redwood
17 Industrials,* No. C. 06-07164 JF (PVT), 2010 WL 1526471, *4 (N.D. Cal. April 15, 2010) (citing
18 Fed. R. Civ. P. 16(b)(4)). "Good cause may be found to exist where the moving party shows that
19 it diligently assisted the court with creating a workable scheduling order, that it is unable to
20 comply with the scheduling order's deadlines due to matters that could not have reasonably been
21 foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an
22 amendment once it became apparent that the party could not comply with the scheduling order."
23 *Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684, 687 (E.D. Cal. 2009). The fact that no
24 other deadlines, including the trial date, will be affected constitutes a basis for finding good
25 cause. *Lehman Brothers,* 2011 WL 203675 at *1.

26     In this case, a discovery dispute manifested that, through no fault of any party, will not be
27 resolved until after the discovery deadline. As a result, regardless of the Court's ruling on the

28

1  discovery dispute, fact discovery cannot be completed by the current December 6, 2013 deadline.
2  The pending resolution of the discovery dispute in turn affects the deadline for Plaintiff's expert
3  designation, and the other expert discovery deadlines that follow from that date. Accordingly,
4  good cause exists to extend the discovery deadline but the length of the extension depends on the
5  outcome of the discovery disputes that will be resolved next Wednesday.
6       For the reasons set forth herein, the parties request that the Court enter an Order To
7  Amend the Order Scheduling Trial and Pretrial Matters in accordance with the Proposed Order
8  submitted herewith.

12  Dated: December 6 , 2013        WILLIAM D. BEIL
                                         JASON M. HANS
13                                          ROUSE HENDRICKS GERMAN MAY PC

14                                          JEFFREY E. FAUCETTE
15                                          SKAGGS FAUCETTE LLP

17  By:     */s/ William D. Beil*
                                         William D. Beil
18  Attorneys for Relator CHRIS McGOWAN

19  DAVID W. O'BRIEN
20  JUSTIN P. MURPHY
                                         NIMROD HAIM AVIAD
21                                          CROWELL & MORING LLP

23  By:     */s/ David W. O'Brien*
                                         David W. O'Brien
24  Attorneys for Defendant KAISER FOUNDATION
                                         HEALTH PLAN, INC.

28

5
STIPULATED MOTION AND [~~PROPOSED~~] ORDER TO AMEND     CASE NO.CV-09-5984 JSW
ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS

DCACTIVE-26039114.1

1  **[PROPOSED] ORDER**

2  Having reviewed the parties' stipulated motion to amend this Court's order scheduling

3  trial and pretrial matters, the Court finds that good cause exists to allow the requested

4  amendments. Accordingly:

5  (1) The deadline for the Close of Non-expert Discovery is hereby vacated.

6  (2) The parties are ordered to submit a joint brief no later than three days after the

7  pending discovery disputes are resolved, proposing deadlines for non-expert and expert

8  discovery, as well as dispositive motions. In the event the parties cannot agree on the requested

9  dates, each party shall propose his own set of dates and outline his position in support.

10  (3) The Court will thereafter set new and binding discovery and dispositive motions

11  deadlines.

12  **IT IS SO ORDERED.**

14  Dated: December 9, 2013

17  _____
UNITED STATES DISTRICT JUDGE

28

6

STIPULATED MOTION AND [PROPOSED] ORDER TO AMEND          CASE NO.CV-09-5984 JSW
ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS

DCACTIVE-26039114.1