1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
8  NORTHERN DISTRICT OF CALIFORNIA
9  SAN FRANCISCO DIVISION
10
11 UNITED STATES OF AMERICA ex rel.     Case No. 09-cv-05984 JSW (NC)
   CHRIS McGOWAN, an individual,
12                                                        **ORDER RE: DISCOVERY**
                Plaintiff,                              **DISPUTES**
13
              v.                                        Re: Dkt. Nos. 86, 91
14
   KAISER FOUNDATION HEALTH PLAN,
15 INC., a California Corporation,
16              Defendant.
17
18
19       The parties seek an order resolving two discovery disputes that were submitted to the
20 Court in joint letter briefs filed on November 29, 2013, Dkt. No. 86, and December 6, 2013,
21 Dkt. No. 91. The joint letter brief submitted on November 29 addressed objections made by
22 Kaiser to certain topics enumerated by Relator in a Rule 30(b)(6) deposition notice. The
23 joint letter brief submitted on December 6 addressed objections made by Kaiser to requests
24 for production of documents propounded by Relator. The two disputes, which involve the
25 same issues, were referred to the undersigned Magistrate Judge for resolution. Dkt. Nos.
26 87, 94.
27 //
28

1    The Court held hearings on December 11 and December 13, 2013 in which the parties
2 through their counsel of record appeared by telephone.  Following the hearing on December
3 11, the parties engaged in an additional meet and confer process in which Relator narrowed
4 and specified the scope of some of the document requests and deposition topics.  Following
5 the hearing on December 13, the parties engaged in an additional meet and confer process
6 resulting in a stipulation regarding some of the matters in dispute.  Dkt. No. 97.  On
7 December 17, the parties filed a joint letter brief setting forth the discovery requests on
8 which the parties have reached an agreement and those that remain in dispute.  *Id.*
9 Additionally, each of the parties filed a proposed order explaining their positions regarding
10 the disputed discovery.  Dkt. Nos. 98, 99.  Having considered the parties' joint letter briefs,
11 proposed orders, and arguments made at the hearings, the Court orders as follows:

   Although initially the Court had concerns regarding the breadth and scope of some of
the document requests and deposition topics, Relator agreed to narrow and specify the
discovery requests and has done so.  Kaiser's primary objection to the remaining disputed
discovery requests is that they are not relevant to Relator's claims or to Kaiser's defenses.
The Court agrees with the Relator that the requested discovery, as narrowed and specified
by the Relator, is permissible under Federal Rule of Civil Procedure 26 because it is
reasonably calculated to lead to admissible evidence that could be used to rebut Kaiser's
defenses.  Further, the Court finds that Kaiser has not shown that the discovery requests in
dispute are unduly burdensome or expensive, or unreasonably cumulative or duplicative.

   The following chart summarizes the Court's rulings with respect to the specific
document requests and the corresponding deposition topics at issue:

| Doc. Request | Depo. Topic | Status | Ruling |
|---|---|---|---|
| 1 | 5 | Agreed | Kaiser must produce documents and deponent as set forth in the parties' stipulation, Dkt. No. 97 at 1. |
| 2 | 9 | Disputed | Kaiser must produce the following categories of documents:<br><br>(1) The Medical Services Agreements ("MSAs") between Kaiser and the KPMGs that were in effect at |

Case No. 09-cv-05984 JSW (NC)
ORDER RE: DISCOVERY                                 2
DISPUTES

| | | | |
|---|---|---|---|
| | | | the time the CY2008 and CY2009 MA bids were prepared; |
| | | | (2) Any Memoranda of Understanding and Basic Contractual Payment documents which supplemented the MSAs that were in effect at the time the CY2008 and CY2009 MA bids were prepared; |
| | | | (3) Any agreements however described or titled that govern or describe any payments made by Kaiser to any of the KPMGs at the time during the CY2008 and CY2009 MA bidding cycles, including but not limited to arrangements described as "Corridor Agreements"; |
| | | | (4) Any summary financial reports (preferably monthly if available, and if not, quarterly or annually) or reconciliation summaries showing the actual amount of money paid by Kaiser to the KPMGs for years 2005-2007 that would have been available to Kaiser personnel working on the bids for CY2008 and CY2009; |
| | | | (5) Any work papers, summary level spreadsheets or workbooks showing how the actual amounts paid by Kaiser to the KPMGs were mapped into or utilized in preparing the Line of Business summaries for the Strategic Plans for 2008 and 2009. |
| | | | Kaiser must also produce a corporate designee to provide testimony concerning the documents produced. |
| 3 | 10 | Withdrawn | |
| 4 | | Agreed | Kaiser must produce documents and deponent as set forth in the parties' stipulation, Dkt. No. 97 at 2. |
| 5 | 6, 11 | Disputed | Kaiser must produce financial statements for fiscal years 2007-2009 with Income Statements broken out by lines of business as reflected on Kaiser's Strategic Plans, and including cost accounting reports (PLAR reports) for years 2008-2009 similar to reports previously produced for 2006-2007. Kaiser must produce a corporate designee to provide testimony concerning this information. |
| 6, 7 | 12 | Agreed | Kaiser must produce documents and deponent as set forth in the parties' stipulation, Dkt. No. 97 at 2. |
| 8 | 16 | Disputed | Kaiser must produce agreements between Kaiser and any collective bargaining associations or labor groups for years 2006-2009. Kaiser must produce a corporate designee to provide testimony concerning this information. |

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. See Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: December 21, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 09-cv-05984 JSW (NC)
ORDER RE: DISCOVERY
DISPUTES

4