IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* CHRIS McGOWAN,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN,<br><br>Defendant.<br>_____ / | No. C 09-05984 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 13, 2014, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. In light of the position set forth in the United States' statement of interest, which seems to suggest that the alleged victim does not believe it was harmed, what is Relator's best argument that there remain disputed issues of fact that would preclude the Court from granting Kaiser's motion?

2. Relator objects to the Spitalnic Declaration based, in part, on the fact that he was not timely disclosed either as a lay witness or as an expert witness.

   a. Relator refers to his interrogatories and Defendant's responses thereto in connection with the failure to disclose him in response to the interrogatories. Where in the record can the Court find those interrogatories and Defendant's responses?

   b. What is Relator's best argument that Mr. Spitalnic's declaration contains the type of specialized knowledge that an expert would provide?

3. Defendant moved for summary judgment on Count III of the Third Amended Complaint, however it does not address that Count in its Reply Brief. Is this because Defendant concedes it is not entitled to summary judgment on that Count?

4. Does Relator agree that the issue of the proper interpretation of the instructions is a matter for the Court, rather than the jury, to resolve?

5. Would Relator agree that, under the FCA, that a plaintiff must, at a minimum, show that a defendant acted with "reckless disregard of the truth or falsity" of the information to show that the defendant acted "knowingly?" *See* 31 U.S.C. § 3729(b)(1)(A)(iii). If so, what is Relator's basis for arguing the "recklessness" standard adopted in *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007) is not controlling in this case?

6. If the Court were to find that there are disputed issues of fact on the issue of Defendant's intent or its state of mind, do the parties contend that the Court would be required to interpret the bid instructions to resolve this motion?

7. What is Relator's response to Defendant's argument that his theories regarding Defendant's tax exempt status and accounting methods were not disclosed before he filed his opposition to the motion for summary judgment?

8. The parties were supposed to have participated in private mediation by April 11, 2014. Did the parties engage in the private mediation as directed by the Court? Do the parties believe that, now that the United States has weighed in on its view of the case, that further settlement efforts would be warranted before the Court rules on the motion?

**IT IS SO ORDERED.**

Dated: June 10, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE
